Clarence WEAHKEE, Plaintiff-Appellant,

v.

John H. POWELL, Jr., Chairman of Equal Employment Opportunity Commission, et al., Defendants-Appellees.

No. 75–1256.

United States Court of Appeals,
Tenth Circuit.

Argued Jan. 26, 1976.

Decided March 15, 1976.

William S. Dixon, Albuquerque, N.M. (Rodey, Dickason, Sloan, Akin & Robb, P. C., and Thomas E. Luebben, Jr., of National Indian Youth Council, Albuquerque, N.M., on the brief), for plaintiff-appellant.

Ramon V. Gomez, Washington, D.C., and William R. Hughes, Jr., Albuquerque, N.M. (Julia P. Cooper, Acting Gen. Counsel, Joseph T. Eddins, Jr., Associate Gen. Counsel, Beatrice Rosenberg and Charles L. Reischel, Attys., E. E. O. C., Washington, D.C., on the brief), for defendants-appellees.

Before LEWIS, Chief Judge, and BREITENSTEIN and McWILLIAMS, Circuit Judges.

BREITENSTEIN, Circuit Judge.

This class-action civil rights suit presents several issues. On some claims the district court held that it had no jurisdiction and on others it granted summary judgment. We reverse.

On January 16, 1974, plaintiff-appellant Weahkee sued the Equal Employment Opportunity Commission and various federal officials and employees. He sued both individually and on behalf of a class composed of all American Indians who are now, or were formerly, employed by EEOC and who have sought, and would have obtained, employment except for discrimination by EEOC against their class.

Plaintiff was hired by the EEOC Albuquerque District Office in November, 1968, as an investigator and given a GS–11 rating. In the period July 1, 1971, to July 24, 1972, plaintiff filed five complaints with EEOC charging racial discrimination in promotions, transfers, and job assignments and claiming harassment because of his race. These were investigated and a four-day hearing was held before a Complaints Examiner who recommended a finding that plaintiff had not been discriminated against. The Chairman of EEOC followed the recommendation of its Complaints Examiner.

Plaintiff appealed to the United States Civil Service Commission, Board of Appeals and Review, which on December 17, 1973, affirmed the decision of the EEOC chairman. The complaint in the instant case was filed in the United States District Court for the District of New Mexico on January 16, 1974. The complaint contains four claims which will be considered separately. The prayer is for a declaratory judgment, injunctive relief, and damages.

The first claim is presented under the Civil Rights Act of 1964 and amendments thereto. See 42 U.S.C. § 2000e–5 and 16. Section 2000e–5 relates to the power of EEOC to prevent unlawful employment practices. Section 2000e–16(a) provides that, with exceptions not here pertinent, all personnel actions affecting a federal employee "shall be made free from any discrimination based on race, color, religion, sex, or national origin." Authority to enforce is lodged in the Civil Service Commission. § 2000e–16(b). Section 2000e–16 was added to the Civil Rights Act of 1964 by an amendment effective March 24, 1972, which adds a new section 717 to the Civil Rights Act of 1964. Section 717 is codified as 42 U.S.C. § 2000e–16.

■ The district court dismissed that portion of the first claim based on plaintiff's charges of July 1, 1971, December 2, 1971, and March 27, 1972, on the ground that § 2000e–16 does not apply to discriminatory conduct occurring before the effec-

tive date of that section. EEOC concedes that this ruling was wrong. The circuits are in conflict on the retroactivity of the 1972 amendment. Retroactivity has been approved in *Brown v. General Services Administration*, 2 Cir., 507 F.2d 1300, *Koger v. Ball*, 4 Cir., 497 F.2d 702, and *Womack v. Lynn*, 164 U.S.App.D.C. 198, 504 F.2d 267. Retroactivity was rejected in *Place v. Weinberger*, 6 Cir., 497 F.2d 412, cert. denied 419 U.S. 1040, 95 S.Ct. 526, 42 L.Ed.2d 316. It is enough to say that we agree with the Second, Fourth and District of Columbia circuits and can add nothing to the discussion of the problem in the opinions of those circuits. We hold that the 1972 amendment applies to charges pending and unresolved on its effective date. Accordingly, the district court erred in holding that it was without jurisdiction of the charges based on actions before the effective date.

The trial court granted summary judgment for the defendants on the discrimination charges made in the July 24, 1972, complaint which was filed after the effective date of the 1972 amendment. In so doing, the court said in a letter to counsel that: "[t]he complaint in this matter does not point out any objections to the record and there is really nothing before the Court to review."

*Nickol v. United States*, 10 Cir., 501 F.2d 1389 was concerned with review under the Administrative Procedure Act, 5 U.S.C. §§ 701–706, of action by an administrative agency. The Court held, Ibid. at 1392, that the use of summary judgment was not proper "in a case where the administrative record contained conflicting testimony as to essential issues" and that the district court must examine the record to determine whether the administrative action was sustained by substantial evidence.

*Salone v. United States*, 10 Cir., 511 F.2d 902, cert. pending, was concerned with a federal employee's claim of racial discrimination in violation of § 2000e–16. The trial court reviewed the administrative record and held that it showed no discrimination. We pointed out that the district court sufficiently indicated the facts contained in the

administrative record which supported his conclusion. Ibid. at 904.

■ In *Salone* the court also considered whether the plaintiff was entitled to a trial de novo in the district court and held that he was not. Ibid. at 903–904. In so doing the court said that if "a trial court should find a need for additional facts on a particular issue, the matter may be remanded." Ibid. at 904. *Sperling v. United States*, 3 Cir., 515 F.2d 465, 481, and *Caro v. Schultz*, 7 Cir., 521 F.2d 1084, 1088, hold that the employee is entitled to a trial de novo and *Chandler v. Johnson*, 9 Cir., 515 F.2d 251, 255, cert. granted sub nom. *Chandler v. Roudebush*, 423 U.S. 821, 96 S.Ct. 34, 46 L.Ed.2d 37 holds that he is not. *Haire v. Calloway*, 8 Cir., 526 F.2d 246, 249, holds that the district court may grant a summary judgment "upon an administrative record that is fairly made and that completely discloses the relevant facts upon which the plaintiff relies," and also in its discretion may reopen the record and permit the plaintiff to develop additional evidence. We need not pursue the right to a trial de novo at this time because the failure of the trial court to examine the administrative record and determine whether the administrative record contains substantial evidence supporting agency action requires reversal. The grant of certiorari in the *Chandler* case is some indication that by the time the case at bar gets back to the district court the conflict between the circuits may be resolved. We reverse and set aside the district court's summary judgment on the claims presented after the effective date of the 1972 amendments.

■ The second claim is a restatement of the first claim with the addition of the charge that the defendants' acts violated the Administrative Procedure Act, 5 U.S.C. §§ 701–706, and the due process clause of the Fifth Amendment. The Administrative Procedure Act has no application because the 1972 amendment says, 42 U.S.C. § 2000e–16(d), that the provisions of § 2000e–5(f) through (k) govern all civil actions brought thereunder. The statutory procedures for judicial review are exclusive.

See *Whitney National Bank v. Bank of New Orleans,* 379 U.S. 411, 420, 85 S.Ct. 551, 557, 13 L.Ed.2d 386, 393. The due process claim depends on an examination of the administrative record, and the trial court made no such examination.

The district court had jurisdiction of all the claims made under § 2000e–16 and erred in granting summary judgment thereon.

The third claim charges deprivation of civil rights under 42 U.S.C. §§ 1981 and 1982. The fourth claim charges a conspiracy to interfere with civil rights in violation of 42 U.S.C. § 1985. Consideration must be given to specific individuals and groups of individuals.

Powell was the acting chairman of EEOC and Brown was his predecessor. Wheeler is the national director of EEOC's internal EEO program in Washington. Robles is the director of the Albuquerque Area office of EEOC with over-all administrative responsibility for that office. Silva, Trujillo, Lopez, and Iske are employees of EEOC working in the Albuquerque office. Berzack is chairman of the United States Civil Service Commission Board of Appeals and Review.

█ The trial court dismissed all of the claims on the basis of lack of jurisdiction under § 2000e–16 and because, except for Robles, none is the head of a department, agency, or unit within the purview of § 2000e–16(c). The court dismissed the action against Robles on the ground that the complaint fails to state a claim. We have held that the court had jurisdiction over all five complaints filed by plaintiff with the agency and that the grant of summary judgment on the complaint filed after the effective date of the 1972 amendments was error. EEOC says that the action should be against Lowell Perry the present chairman of EEOC. We agree. On remand the complaint may be amended to include Perry as a defendant.

█ In dismissing the action the trial court made no mention of the claims asserted under §§ 1981, 1982, and 1985. The defendants all claim immunity. See *Mandel v. Nouse,* 6 Cir., 509 F.2d 1031, and *Barr v. Matteo,* 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434. We decline to consider such claims, or any defenses which any defendant may have thereto, in the absence of action thereon by the district court. We express no opinion on the merit of any claim asserted by the plaintiff.

Reversed and remanded. No costs are awarded to any party.