Smith E. CARREATHERS,
Plaintiff-Appellant,

v.

Donald L. ALEXANDER, Commissioner, the United States Internal Revenue Service, his predecessors and successors, Defendant-Appellee.

No. 77–1237.

United States Court of Appeals,
Tenth Circuit.

Argued Sept. 25, 1978.

Decided Nov. 28, 1978.

Rehearing Denied Dec. 21, 1978.

Cathie A. Shattuck, of Roybal & Shattuck, Denver, Colo., for plaintiff-appellant.

Jerre W. Dixon, Asst. U. S. Atty., Denver, Colo. (Joseph F. Dolan, U. S. Atty., Denver, Colo., on the brief), for defendant-appellee.

Before BARRETT and DOYLE, Circuit Judges, and STANLEY, Senior District Judge.*

WILLIAM E. DOYLE, Circuit Judge.

Appellant Carreathers brought this action in the United States District Court for the District of Colorado pursuant to 42 U.S.C. § 2000e–16 et seq., Title VII of the Civil Rights Act of 1964, as amended in 1972. The action claimed damages for discrimination on account of race. The United States Internal Revenue Service through the Commissioner was the employer, and the claim was that there was discrimination in denying him training opportunities, promotions and transfers. An extensive administrative record was developed, following which the present suit was filed.

·Although the trial court ruled in favor of Carreathers, it also ruled that it lacked the authority to grant relief for discriminatory acts which occurred prior to March 24, 1972.

As of the time of the suit, appellant had 30 years service in government and was employed in the IRS Facilities Management Branch. In 1962, he was employed as a GS–2, and when he filed a complaint based on lack of promotion he was promoted to GS–3. This was in April 1963. He worked at that level until April 1968, at which time he was promoted to a GS–4 level. He remained at GS–4 until action was taken on the complaint of discrimination filed in July 1972.

The complaint of Carreathers was investigated by one Adolph Moline, who found that he had indeed been discriminated against. This report was examined by the regional Equal Employment Opportunity officer and the findings of Moline were confirmed by him.

As a result of the investigation, the IRS promoted Carreathers to a GS–5 level retroactive to September 1971. The Civil Service Commission reviewed the administrative reports and the findings and action of the IRS and approved them.

Following the administrative determination, appellant sought a further administrative hearing. This was granted and was held on March 22, 1973. No additional relief was granted and notice of this denial was given May 12, 1973. In the letter of notification appellant was told that he had a right to file a lawsuit in the United States District Court within 30 days.

On June 11, 1973, the district court action which we now review was filed seeking $85,000 in back pay, attorneys' fees, and costs, together with injunctive relief against further racial discrimination. Jurisdiction was claimed under Title VII of the Act, as amended by the Equal Employment Opportunity Act of 1972.

The district court in its decision rendered April 20, 1976, ruled that plaintiff had been repeatedly overlooked for promotion and transfer, and had not been provided with adequate training so as to allow him to obtain equal opportunity. The court declined to make a factual finding as to whether supervisors were assigned to plaintiff with the object of harassing him.

The court did order retroactive promotions for appellant and ordered the IRS to provide job training to assist the plaintiff in fulfilling his duties. Back pay was ordered based on an amount equal to the difference between the salary which would have been paid to plaintiff as a Grade 5, Step 10 rate from the first pay period of March 1972 through the last pay period of December 1974, and what he was actually paid during that period; and an amount equal to the difference between the salary which would have been paid to plaintiff at a Grade 7, Step 5 rate from the first pay period of January 1975 through the last pay period of September 1976, and what he was actually paid during that period. The award totaled $4,673.60. Attorneys' fees amounting to $7095 were also awarded. There were some costs awarded, but the court denied an award for annual leave for the time used to litigate and for transportation costs to visit the plaintiff's wife.

* Of the District of Kansas, sitting by designation.

The contentions of appellant on appeal are:

First, that he was entitled to a trial de novo before the district court.

Second, the argument is that the 1972 amendments to Title VII should have been given retroactive effect so he is entitled to relief for discriminatory actions by his employer which occurred prior to the effective date of the Act, March 24, 1972.

Third, appellant contends that the awards of attorneys' fees and costs were not reasonable.

The government opposes the demand for trial de novo, saying that it is not necessary because such a trial is used for factfinding rather than for formulation of adequate relief, or alternatively, because the proceedings in the district court were equivalent to a trial de novo. The government also contends that the back pay award should be limited to the period from March 24, 1972, the date the amendments were effective, to July 10, 1972, the day of the filing of plaintiff's administrative complaint.

I.

Thus the principal issue is whether the plaintiff is entitled to have a trial de novo and, secondly, whether the proof as to what occurred should be limited to the events which took place between the effective date of the amendments, March 24, 1972, and the date of the filing of the complaint, July 10, 1972, it being the contention of appellant that he was entitled under the amendment of the Act to receive retroactive relief for acts of discrimination which occurred prior to March 24, 1972, especially when those acts complained of and the effects of those acts were of a continuing nature.

The important change brought about by the 1972 amendment, that is § 717, was that which allowed a federal employee to sue his employer in federal court for racial discrimination. There was a division of authority in the beginning on whether plaintiff was entitled to a trial de novo or was limited to a review of the administrative record with limited augmenting. This division was re-solved by the Supreme Court in the case of *Chandler v. Roudebush,* 425 U.S. 840, 845–47, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976). It held that a federal employee had the same right as an employee in the private sector to have a trial de novo to determine whether he had been the victim of discrimination. The Court based its decision on the language of the statute together with its legislative history. *Id.* at 848–864, 96 S.Ct. 1949. This court in *Blondo v. Bailar,* 548 F.2d 301, 304 (10th Cir. 1977), following *Chandler,* said that a trial de novo was proper where discovery would aid a plaintiff in establishing his claims of discrimination.

The decision of the Supreme Court in *Chandler* was handed down after the district court here had denied the plaintiff's request for trial de novo. The court was of the opinion that it was limited to review of the administrative record together with some augmenting of that record. The only evidence, other than that of plaintiff, dealt with attorneys' fees. The plaintiff's request that additional witnesses be allowed to testify was refused.

The purpose of the trial de novo is to aid the employee in discovering and presenting evidence in aid of his claim of discrimination. The law thus recognizes that the administrative record may not have developed all of the relevant facts. In the several cases in which a trial de novo has been granted, there existed a need to establish the existence of discrimination. *See, e. g., Chandler v. Roudebush,* 425 U.S. 840, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976); *DeVolld v. Bailar,* 568 F.2d 1162 (5th Cir. 1978); *Mahroom v. Hook,* 563 F.2d 1369, 1376–77 (9th Cir. 1977), *cert. denied,* 436 U.S. 904, 98 S.Ct. 2234, 56 L.Ed.2d 402 (1978); *Barnes v. Costle,* 183 U.S.App.D.C. 90, 561 F.2d 983 (1977); *Eastland v. TVA,* 553 F.2d 364, 370 (5th Cir.), *cert. denied,* 434 U.S. 985, 98 S.Ct. 611, 54 L.Ed.2d 479 (1977); *Blondo v. Bailar,* 548 F.2d 301 (10th Cir. 1977); *Allen v. United States,* 542 F.2d 176, 178 (3d Cir. 1976); *Abrams v. Johnson,* 534 F.2d 1226 (6th Cir. 1976).

In the case at bar the trial court recognized that the denial to the plaintiff of

promotions and job training after the effective date of the 1972 amendments was attributable to racial discrimination. Indeed the IRS had admitted that such discrimination existed. The trial de novo on these issues of promotion and job training could not then have resulted in any more favorable determinations than those which have been made by the district court. Accordingly, we are unable to see that a trial de novo would be appropriate on this discrimination issue.

However, the trial court found that there was insufficient evidence to establish the plaintiff's claim of discrimination based on harassment. The evidence that was before the court on this question was conflicting. Possibly a trial de novo on this issue would develop additional evidence of discrimination which would lead to a finding of fact favorable to the plaintiff. The district court must therefore determine whether the plaintiff could develop additional evidence. Even if a trial de novo is allowed, the evidence received would be subject to objections with respect to admissibility. *Abrams v. Johnson*, 534 F.2d 1226 (6th Cir. 1976).

## II.

As we mentioned above, the 1972 amendment to the Equal Employment Opportunity Act granted an aggrieved federal employee remedy by filing a suit in district court. The same Act of 1972 limited back pay liability of an employer to a period of two years prior to the filing of a charge with the Commission. This provision is applicable to the federal government as an employer because of the cross reference at 42 U.S.C. § 2000e–16(d). The amendments were silent as to retroactivity of the 1972 amendments.

It has been held that the district court can consider discriminatory acts which occurred prior to the 1972 amendments if the complaint was pending administratively or judicially on the effective date.[1]

The rationale for allowing limited retroactive application of § 717(c) was that the statute created a new procedural remedy to enforce a right which had theretofore existed rather than one which was created by the statute.

This court in *Weahkee v. Powell*, 532 F.2d 727, 729 (10th Cir. 1976), has held that the 1972 amendments are retroactive for complaints administratively pending and unresolved on the effective date of the Act. The probability is that the cases so hold because the substantive right had been clearly recognized before the adoption of the Act. The Supreme Court had ruled that employment discrimination was contrary to the Constitution and the federal statutes even prior to the 1972 Act. *Brown v. GSA*, 425 U.S. 820, 825, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). It also appeared to recognize that the 1972 amendment was less the creation of a right than the providing of a remedy.

In our case there was no charge pending at the time of the enactment of the 1972 amendments. There was a 1968 complaint, which was not pending because it had been fully processed. The 1972 complaint was not filed until after the effective date of the Act. It is true that the cases which deal with the question all involved fact situations in which there were administrative or judicial proceedings pending, and the courts were not therefore required to decide whether or not the Act would apply to complaints which had occurred prior to the effective date of the Act and which had not been filed.

1. *Place v. Weinberger*, 426 U.S. 932, 96 S.Ct. 2643, 49 L.Ed.2d 383 (1976); *Brown v. GSA*, 425 U.S. 820, 824, 96 S.Ct. 1961, 48 L.Ed.2d 402 n. 4 (1976), aff'g 507 F.2d 1300 (2d Cir. 1974); *Mahroon v. Hook*, 563 F.2d 1369 (9th Cir. 1977), cert. denied, 436 U.S. 904, 98 S.Ct. 2234, 56 L.Ed.2d 402 (1978); *Eastland v. TVA*, 553 F.2d 364, 367 (5th Cir.), cert. denied, 434 U.S. 985, 98 S.Ct. 611, 54 L.Ed.2d 479 (1977); *Weahkee v. Powell*, 532 F.2d 727, 729 (10th Cir. 1976); *Adams v. Brinegar*, 521 F.2d 129, 133–34 (7th Cir. 1975); *Hackley v. Roudebush*, 171 U.S.App.D.C. 376, 380, 520 F.2d 108, 112 n. 4 (1975); *Sperling v. United States*, 515 F.2d 465, 473 (5th Cir. 1975), cert. denied, 426 U.S. 919, 96 S.Ct. 2623, 49 L.Ed.2d 372 (1976); *Womack v. Lynn*, 164 U.S.App.D.C. 198, 200, 504 F.2d 267, 269 (1974); *Koger v. Ball*, 497 F.2d 702, 704 (4th Cir. 1974).

There is limited authority on the subject of retroactive award where an administrative complaint had not been filed at the time of the passage of the Act. The one decision that does treat it is *Huntley v. HEW*, 550 F.2d 290 (5th Cir. 1977). *Huntley* holds the Act applicable to violations which occurred prior to the enactment of the amendment in instances in which there had not yet been a formal filing.

■ In our case the equities are particularly strong. First, the injury was palpable—it was admitted by the I.R.S. Indeed the injury has existed over a long period of time. Appellant had 30 years of service and in the year 1962 he had "advanced" to a GS–2. In issue here is whether we will give the order retroactive effect for a period of less than two years. This is a great deal less than the period during which discrimination took place. The allowance of retroactive relief did not constitute full compensation. Furthermore, he did not sleep on his rights, and the amounts involved here are relatively small. Also, the grades which have come to him as compensation continue to be relatively low. What we are saying is that the equities present here are extraordinarily strong. The case also is unique and will probably not be repeated.

We do not deem it necessary to embrace the decision of the Fifth Circuit in *Huntley.*

The purpose of the filing requirement (of the administrative complaint) is that it may furnish some safeguard against a contrived claim. No such problem exists here. Therefore, based on the evidence and the exceptional merit of this case, we conclude that retroactive effect is appropriate here within the limitations period. We do not view this decision as in any way undermining *Weahkee v. Powell, supra.*

Consistent with the view which we take, the evidence of violations going back to the two year limitation period prior to March 24, 1972 should be considered from the standpoint of whether discrimination occurred and whether there was a denial of promotion and whether back pay should be awarded.

Our view of § 717 is that it, in conjunction with the two year limitations period, applies at least to the extent of the two years in a retroactive manner. It is true that there is not positive authority that supports this, but we are mindful that the provisions of Title VII are remedial and the Supreme Court has favored the award of back pay where there has been discrimination. *See Albemarle Paper Co. v. Moody,* 422 U.S. 405, 421, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975).

### III.

■ The government attacks the award of back pay subsequent to July 10, 1972. However, this is not subject to review at the behest of the government since Carreathers has not appealed it and the government, although it filed a cross-appeal, did not prosecute it. Thus it is not before us.

■ We see no merit to the government's further argument that back pay is barred because of its (the government's) immunity to suit. It would be difficult to pronounce the government immune considering the fact that fundamental constitutional rights are involved, plus the further fact that Congress had consented to the filing of an action against the government through one of its representatives.

■ We conclude also that the district court's refusal to grant injunctive relief was not error. The relief sought was to prohibit discriminatory policies and employment of racially prejudiced supervisors. The court correctly concluded that the demand was excessive.

### IV.

The question whether the court erred in refusing to award the amount of attorneys' fees demanded by the appellant is resolved against him. The statute grants the court discretion in the matter of the award and talks about a reasonable attorney's fee as part of the costs. 42 U.S.C. § 2000e–5(k). No doubt the provision applies to employees of the government as well as to employees

of the private sector under § 717(d) of Title VII.

 While refusal to award attorneys' fees might well be an abuse of discretion, the failure to give the amount demanded or an amount substantially in accordance with the demand does not constitute an abuse of discretion. The trial court is entitled to demand in the accounting a number of items such as the nature and extent of services, the time required, the results accomplished, the value of the matter and the professional skill and experience of the attorney. *See Featherstone v. Barash*, 382 F.2d 641, 644 (10th Cir. 1967); *Simler v. Conner*, 352 F.2d 138, 140 (10th Cir. 1965), *cert. denied*, 383 U.S. 928, 86 S.Ct. 931, 15 L.Ed.2d 846 (1966). It is clear that the hours expended by the attorneys is not the sole factor. *Brito v. Zia Co.*, 478 F.2d 1200, 1204 (10th Cir. 1973). *See also Barela v. United Nuclear Corp.*, 462 F.2d 149, 155–56 (10th Cir. 1972).

 From a reading of the record we conclude that the district court gave proper consideration to the applicable criteria; that it fully considered the problem; and that the award was proper. The rate of $35.00 per hour was reasonable in the circumstances for the more experienced attorney, $30.00 for the less experienced. While there was testimony averring to higher rates, these were not binding on the court.

 As to costs demanded by plaintiff for the annual leave he was compelled to use to work on the litigation together with the transportation he paid out in visiting his wife, it is obvious to us that such expenses were not allowable.

We conclude in sum that, *first*, a trial de novo on the issue of liability for racial discrimination in promotion and training would not be warranted after March 24, 1972, since the court ruled in favor of the appellant on that subject. On the other hand, a trial de novo on the harassment issue is appropriate since the ruling is not favorable in this instance and additional evidence might result in a different conclusion.

*Secondly*, § 717(c) applies retroactively to discrimination which occurred before the effective date and the administrative complaint was not initiated until after the effective date. We consider this construction to be fully in accord with the thrust of the Supreme Court decisions and with the nature and character of the remedy that has been created. The district court did not determine whether there had been discrimination prior to the effective date of § 717(c). Such a determination must, however, now be made and back pay under § 706(g) cannot be recovered by plaintiff prior to July 10, 1970, even though discrimination may have existed. This is because of the two year limit imposed by statute.

Finally, the award of the $7095 in attorneys' fees was not an abuse of discretion.

The judgment of the district court is reversed in part, affirmed in part, and the cause is remanded for further proceedings in accordance with the views expressed herein.