Earl B. **HARBISON,** Plaintiff-Appellee,

v.

Neil **GOLDSCHMIDT,** Secretary, United States Department of Transportation, Defendant-Appellant.

No. 80–1346.

United States Court of Appeals, Tenth Circuit.

Nov. 17, 1982.

John C. Hoyle, Atty., Civ. Div., Dept. of Justice, Washington, D.C. (Alice Daniel, Asst. Atty. Gen., Robert E. Kopp, Atty., Civ. Div., Dept. of Justice, Washington, D.C., Joseph F. Dolan, U.S. Atty., Denver, Colo., with him on the brief), for defendant-appellant.

Eugene Deikman of Eugene Deikman, P.C., Denver, Colo., for plaintiff-appellee.

Before SETH, Chief Judge, and McWILLIAMS and SEYMOUR, Circuit Judges.

SETH, Chief Judge.

The appellee commenced this action under Title VII of the Civil Rights Act as it has been extended to include employees of the federal government. Plaintiff, a black, had been employed since 1959 by the Federal Aviation Administration, and alleges that he was discriminated against by a denial of promotion to an assistant chief position (GS–12) on September 24, 1976. A vacancy at the Denver Flight Service Station was announced for a position and plaintiff applied for it but was not selected, and was not in the group of nine for final consideration. A white applicant was selected on September 24 and this was the specific claim.

The trial court upon a finding of a Title VII violation ordered that the plaintiff be promoted to the assistant chief position retroactively to the date the white candidate had been appointed.

■ The Government on this appeal urges that this was in error for the reason that the trial court did not determine that plaintiff would have been so promoted had it not been for the discrimination. The findings of the trial court indicate only that plaintiff did not receive "full and fair consideration," and that he may have been the best qualified. The court thus found:

"Likewise the evidence indeed suggests that plaintiff was the most qualified of all applicants, but such a conclusion is not absolutely required. Based on the totally

subjective and concomitantly unreliable portions of the evaluation process, it is not at all reasonable to attempt to identify any one particular candidate as the most qualified. What is convincingly clear beyond any reasonable refutation, however, is that because of his race, the plaintiff's application was not given the full and fair consideration it warranted.... The evidence establishes well in excess of a preponderance that Earl B. Harbison's failure to be selected was the result of an impermissible selection process which permitted the systematic exclusion of Blacks from promotion. Indeed plaintiff's race was the only factor capable of proof which adversely affected the consideration of his application."

The statute, 42 U.S.C. § 2000e–5(g), authorizes courts to order "such affirmative action as may be necessary" to remedy unlawful employment practices. However, it also provides:

"No order of the court shall require the . . . promotion of an individual as an employee, or the payment to him of any back pay, if such individual was refused . . . advancement . . . for any reason other than discrimination on account of race, color, religion, sex, or national origin or in violation of section 2000e–3(a) of this title."

The Government points out that two circuits have construed this to require a "but for" determination before retroactive promotion can be ordered. In *Day v. Mathews,* 530 F.2d 1083, 1085 (D.C.Cir.), the court stated:

"The statute makes it clear that these forms of relief [a retroactive promotion and back pay] are available only where the employee would have received the promotion had he not been the victim of discrimination."

Citing *Day v. Mathews,* the Third Circuit wrote in *Richerson v. Jones,* 551 F.2d 918, 923 (3d Cir.):

"[T]he district court in this case could order retroactive promotion of Richerson to GS–12 only if it found that Richerson would have attained that position but for

the defendant's unlawful employment practices."

*See also Mt. Healthy City Board of Ed. v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471.

We must conclude that the statute requires a "but for" finding and a reversal and remand is necessary.

■ Evidence was received and the trial court awarded a judgment for the plaintiff on several claims which were unrelated to the one considered above and the only one which was the subject of the action and the hearing before the Department of Transportation. One of these awards was for per diem and mileage for plaintiff's transfer to Trinidad, Colorado from April 1970 to September 1971. This claim for per diem and mileage was the subject of administrative proceedings which went to final determination and denial of relief in 1972 or 1973 with no subsequent judicial review.

Plaintiff's complaint here considered was made to the Department of Transportation and was directed solely to the failure to promote in 1976 and to nothing else. The unrelated per diem and mileage claims which had been finally decided by the General Accounting Office could not be resurrected in the trial court as was done here and brought into an unrelated proceeding.

The trial court also sought to change the date of a previous retroactive promotion ordered by the administrative agency and which went to final determination in 1972. This unrelated matter could not be brought in these proceedings for reconsideration years after the administrative determination also from which no judicial review had been sought.

The plaintiff was limited to a review and a trial de novo on the complaint he had filed with the Department and within the time and issue scope of such complaint. A review of matters completely outside the subject and time frame of those was not within the issues on which the court could grant relief.

In order to apply the jurisdictional time limitations in the Act and to follow the

procedural framework which requires that the agency be given an opportunity to act first on the issues framed, the trial court issues must be the same as those raised by the plaintiff in the complaint that he is required to first file with the agency.

The action before the trial court obviously is a separate civil action provided by the statute. It is nevertheless a suit for the one contemplated and authorized purpose—to consider the agency action if there was any along with the record—or to consider the complaint filed by the plaintiff with the administrative agency upon which after its consideration no action was taken. The focus is thus on the particular incident or event presented to the agency—the subject of the administrative complaint—as *the issue* to be considered by the court. There can only be that issue before the court *for purposes of affording relief* by reason of the structure of the Act as above mentioned. It is apparent, however, that the facts to be developed are limited only by relevancy. Continuing discrimination can be shown and facts developed by testimony as to incidents outside the ones charged.

In the trial court there is a trial de novo as required by the Supreme Court in *Chandler v. Roudebush,* 425 U.S. 840, 96 S.Ct. 1949, 48 L.Ed.2d 416, and in our case *Carreathers v. Alexander,* 587 F.2d 1046 (10th Cir.). *See also Blondo v. Bailar,* 548 F.2d 301 (10th Cir.); *Weahkee v. Powell,* 532 F.2d 727 (10th Cir.). The reason for a trial de novo is to insure the development of an adequate record on the issue raised. It is also, as we held in *Carreathers,* to aid the employee in discovering and presenting evidence in aid "of his claim of discrimination." But this again is "the claim" the plaintiff filed before the administrative agency which governs the relevancy but more importantly which limits the relief which the trial court can grant.

The consistency as to *issues* or claims in the agency and the court is also an aspect of the required exhaustion of administrative remedies which is treated as a jurisdictional matter. We said in *Sampson v. Civiletti,* 632 F.2d 860, 862–3 (10th Cir.):

"The requirement that discrimination complaints be first presented to an agency rather than a court encourages informal, conciliation-oriented resolution of disputes and reduces the burden on federal courts."

We also there said quoting *Jordan v. United States,* 522 F.2d 1128 (8th Cir.):

"It is also 'particularly important that the agency develop a record and have the opportunity to exercise its discretion, to apply its expertise, and, possibly, to discover and correct its own errors.'"

Thus we must conclude and hold that the trial court was without jurisdiction to include in its judgment a monetary award for the 1970–1971 per diem or mileage nor to alter the date of a retroactive promotion ordered in an administrative proceeding in 1972.

REVERSED and REMANDED.

SEYMOUR, Circuit Judge, concurring.

I concur in the decision to remand this case for further fact findings although I reach this conclusion for different reasons than those set out in the majority opinion. The majority would require a specific finding by the court that "but for" the discrimination of defendant, Harbison would have been promoted. I do not agree that this specific finding is required if the evidence is analyzed under the proper legal standards.

The trial judge found that the competitive promotion standards used by defendant had a disparate impact on blacks. He further found that the promotion system permitted the use of subjective criteria by which the qualifications of candidates for promotion could be and were manipulated to exclude blacks. The court also determined that Harbison himself was the victim of disparate treatment because of his race. Thus the case raises issues of both discriminatory impact and discriminatory treatment prohibited by Title VII. *See, e.g., Coe v. Yellow Freight System, Inc.,* 646 F.2d 444, 448–50 (10th Cir.1981).

Unfortunately, the district court's findings and conclusions are not couched in the

analytical framework of either disparate impact, *see Griggs v. Duke Power Co.,* 401 U.S. 424, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971); *Williams v. Colorado Springs, Colorado School District,* 641 F.2d 835, 839–41 (10th Cir.1981), or disparate treatment. *See Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *Furnco Construction Co. v. Waters,* 438 U.S. 567, 98 S.Ct. 2943, 57 L.Ed.2d 957 (1978); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). It is my understanding that these standards incorporate the "but for" requirement of Title VII, 42 U.S.C. § 2000e–5(g). A finding of discrimination after the evidence is evaluated under the proper criteria constitutes a determination that the adverse employment action would not have occurred but for the illegal conduct of the defendant within the meaning of Title VII. *See, e.g., Milton v. Weinberger,* 645 F.2d 1070, 1074 (D.C.Cir.1981). Accordingly, a remand to allow the district court to properly frame its findings of fact and conclusions of law will, in my opinion, necessarily resolve the "but for" determination that concerns the majority.