**Rebecca Mae CROSS, Plaintiff,**

v.

**UNITED STATES POSTAL
SERVICE, Defendant.**

No. 85–1377C(4).

United States District Court,
E.D. Missouri.

Dec. 18, 1985.

See also, 8th Cir., 774 F.2d 1170.

Deborah Hellman, St. Louis, Mo., for plaintiff.

Edwin B. Brezinski, Asst. U.S. Atty., St. Louis, Mo., for defendant.

**MEMORANDUM AND ORDER**

CAHILL, District Judge.

This matter comes before the Court on plaintiff's motion to reconsider and for leave to file an amended complaint.

Plaintiff filed this action on June 17, 1985, pursuant to 42 U.S.C. § 2000e et seq. (Title VII) for alleged conduct undertaken by defendant after she was rehired pursuant to a court order. Plaintiff alleges that defendant has taken reprisals against her to punish her for her previous civil rights actions. Plaintiff's actions have been the subject of much judicial review. *See Cross v. United States Postal Service,* 639 F.2d 409 (8th Cir.1981) (Cross I); *Cross II,* 733 F.2d 1327 (8th Cir.1984) (en banc), *cert. denied,* — U.S. —, 105 S.Ct. 1750, 84 L.Ed.2d 815 (1985), *Cross III,* 774 F.2d 1170, slip op. at 3 (8th Cir.1985) (per curiam). On November 4, 1985, this Court dismissed plaintiff's Title VII counts based on res judicata.

Plaintiff alleges that res judicata does not apply because plaintiff's Title VII claim was the subject of a pending E.E.O.C. complaint at the time the Cross III (petition for an order to show cause) was pending. However, defendant points out that those claims for relief under present Title VII are identical to those raised, tried, and resolved in *Cross III.* The Court is in agreement.

Plaintiff contends, however, that her present complaint could not have been filed until she had exhausted her administrative remedy, which she alleges she did on May 10, 1985. This position would still be to no avail because the E.E.O.C. charge is the same issue she sued upon in federal court in her petition for an order to show cause. (She merely attempted to get two bites from the same apple). Secondly, as alleged, plaintiff has filed outside of the proscribed statute of limitations. Federal employees (42 U.S.C. § 2000e–16(c) *must* file a civil action within 30 days of notice of final E.E.O.C. action. *See* 5 C.F.R. § 713.-281 (1982). In *Brown v. General Services Administration,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976), the Supreme Court held that failure of a federal employee to file a timely suit after final action by the E.E.O.C. deprives the district court of subject matter jurisdiction. Further, the Ninth Circuit held, "[t]his thirty day time period is jurisdictional. If an aggrieved party does not file suit within that time

limit [30 days], the federal courts have no power to entertain the suit." *Mahroom v. Hook*, 563 F.2d 1369 (9th Cir.1977).

In the present case, plaintiff alleges that the E.E.O.C.'s final decision was May 10, 1985. Plaintiff did not file suit in this Court until June 17, 1985, on the 39th day. This period of nine days renders this Court without jurisdiction to entertain her Title VII complaint. Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion to reconsider and file an amended complaint is DENIED.