385 F.Supp. 309 (1974)
Willie C. HAIRE, Plaintiff,
v.
Howard "Bo" CALLOWAY, Secretary, U. S. Army, Defendant.
No. 74-216 C (1).
United States District Court, E. D. Missouri, E. D.
October 22, 1974.
*310 Edward L. Welch and Harold L. Whitfield, St. Louis, Mo., for plaintiff.
Donald J. Stohr, U. S. Atty., St. Louis, Mo., for defendant.

MEMORANDUM
MEREDITH, Chief Judge.
This action is before the Court on defendant's separate motions to dismiss and for summary judgment. The motion to dismiss shall be denied, and the motion for summary judgment shall be granted for reasons stated herein.
Plaintiff, a black man, is employed by the United States Army Materiel Command in St. Louis, Missouri, as a WG-4, Warehouseman. He was promoted to that grade from GS-4, Supply Clerk, on April 30, 1972. On May 8, 1972, plaintiff filed a complaint with defendant alleging that he had been discriminated against on account of his race. One allegation in his complaint was that he had been discriminated against due to defendant's failure to promote him to WG-5, Warehouseman. There were other allegations of discrimination in the original complaint, but they were all withdrawn prior to plaintiff's final administrative appeal and do not appear in the complaint filed in this action. Plaintiff received a hearing on his complaint and exhausted his administrative remedies by appeal to the Civil Service Commission. He was notified of the Commission's final action on February 21, 1974, and filed this action under 42 U.S.C. § 2000e-16, on March 25, 1974.

Motion to Dismiss
Defendant claims, in his motion to dismiss, that this action was not timely filed due to the expiration of the thirty-day period allowed by 42 U.S.C. § 2000e-16 for the bringing of a civil action in the district court. However, Rule 6(a), F.R.C.P., provides that if the last day of any applicable period falls on a Saturday, Sunday, or legal holiday, the period runs until the end of the next day that is not a Saturday, Sunday, or legal holiday. Therefore, plaintiff's complaint, which was filed on the Monday following the thirtieth day, which fell on Saturday, was timely filed.
Defendant also claims that this Court does not have jurisdiction to award attorney's fees, however, this would not affect the Court's jurisdiction over the subject matter and, therefore, need not be decided for purposes of a motion to dismiss.
Defendant also claims that the United States, the Civil Service Commission, and the individual commissioners thereof are indispensable parties and must be joined. 42 U.S.C. § 2000e-16(c) specifically states that the head of the department, agency, or unit shall be the defendant in suits brought under that section. The wording of the statute clearly indicates that Congress meant the employing department, agency, or unit. In this case, the Secretary of the Army, as head of the employing department, is the proper party defendant. Henderson v. Defense Contract Administration Services Region, New York, 370 F.Supp. 180 (S.D.N.Y.1973).
Therefore, defendant's motion to dismiss shall be denied.

Motion for Summary Judgment
The issue raised by defendant's motion for summary judgment is whether 42 U.S.C. § 2000e-16 requires a trial de novo in the district court, or whether the case may be decided on the administrative record presented. The issue *311 has been dealt with by several district courts. The leading case on the question is Hackley v. Johnson, 360 F. Supp. 1247 (D.D.C.1973). In that case, Judge Gesell thoroughly discussed the issue and concluded that the district court may decide the case on the administrative record alone, if the clear weight of the evidence establishes an absence of discrimination, or it may take further testimony, remand, or grant relief to the plaintiff on the administrative record.
The cases that take the opposite view have based their decisions on the assumption that Congress intended that government employees should have exactly the same rights as private employees have under 42 U.S.C. § 2000e-5. Jackson v. U. S. Civil Service Commission, 379 F. Supp. 589 (S.D.Tex.1973), Henderson v. Defense Contract Administration, supra.
This Court does not agree that a trial de novo is required in all cases. Government employees, unlike their counterparts in private industry, have broad remedies available to them through their employing agencies and the Civil Service Commission. Congress not only left these remedies intact when it enacted 42 U.S.C. § 2000e-16, but also directed the Civil Service Commission to take affirmative action to eliminate discrimination in the ranks of government employees. Hackley v. Johnson, 360 F. Supp. at 1251. Government employees are entitled to a hearing and an administrative review thereof by the Civil Service Commission. Private employees, on the other hand, get none of this from the Equal Employment Opportunity Commission, which is limited to attempting to conciliate the matter between employer and employee before resorting to the courts. Therefore, the private employee's opportunity for a hearing does not arise until he brings his case into court, while the government employee gets a full hearing at the administrative level. A trial de novo in every case brought under 42 U.S.C. § 2000e-16 would result in much duplication of effort and would overlook the expertise which Congress intended the Civil Service Commission to bring to these matters. Bernardi v. Butz, 8 FEP Cases 479 (N.D. Cal.1974). It has also been noted that the Civil Service Commission has remedial powers that the E.E.O.C. does not. Baca v. Butz, 376 F.Supp. 1005 (D.N.M. 1974). Therefore, the argument that a trial de novo is necessary in order to give the government employee an equal chance to have his grievance heard is not well founded. The government employee is already way ahead of the private employee on that score when he reaches the courthouse.
The Court has examined the entire administrative record in this case and can find no reason to disagree with the findings of the hearing examiner and conclusions of the review board of the Civil Service Commission. The only issue brought before the Court is that plaintiff was discriminated against by being selected for the WG-4 position while a white employee was selected for the WG-5 position. The record indicates that a duly constituted qualifications and rating panel rated both employees in the "Best Qualified" category and then a selection panel recommended the white employee because of his more extensive supervisory experience, his self-development attempts, and awards. Each panel had a black member sitting on it. The selecting official made his selection based upon the recommendation of the panel. There is no evidence in the record to indicate that this selection was made on the basis of race. Accordingly, the administrative decision of no discrimination is supported by a preponderance of the evidence, and defendant's motion for summary judgment shall be granted.