Evelyn M. JONES, Appellant,

v.

E. T. KLASSEN, Postmaster General, United States Postal Service, Appellee.

No. 74–287 C (2).

United States District Court, E. D. Missouri, E. D.

Nov. 22, 1974.

See Oyler v. Boyles, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962).

· Harold L. Whitfield, St. Louis, Mo., for appellant.

Donald J. Stohr, U. S. Atty., Jean C. Hamilton, Asst. U. S. Atty., St. Louis, Mo., for appellee.

## MEMORANDUM AND ORDER

REGAN, District Judge.

Plaintiff, a black female, whose employment was terminated by the United States Postal Service on July 2, 1972, on the ground she was absent without official leave, brought this action under Section 717(c) of the Civil Rights Act of 1964 as amended by the Equal Employment Act of 1972. Alleging that her subsequent separation from the postal service and the refusal to grant her sick leave resulted from discrimination based on sex, race and color, plaintiff seeks reinstatement to her former position as a Distribution and Window Clerk at the St. Louis Post Office, an award of back pay for wages lost, and an injunction against the allegedly discriminatory conduct.

Defendant has moved for summary judgment, attaching to his motion a supportive affidavit together with the entire administrative record of plaintiff's Equal Employment Opportunity complaint. No counter affidavit has been filed. The sole issue on the motion for summary judgment is whether plaintiff is entitled to a trial de novo in this Court.

Our examination of the administrative record relating to plaintiff's discharge has convinced us that her complaint received full consideration throughout the administratively prescribed process. After a thorough investigation, a hearing was held before a Civil Service Commission Complaints Examiner at which plaintiff's representative presented evidence, including the testimony of plaintiff, conducted cross-examination, and argued her case. The Complaints Examiner found no discrimination, and the Postal Service adopted his decision. As was her right, plaintiff then appealed the agency decision to the Civil Service Commission Board of Appeals and Review but was unsuccessful in that appeal.

On the issue presented by the motion for summary judgment, we agree with Judge Gesell (Hackley v. Johnson, D.C. D.C., 360 F.Supp. 1247) that a federal employee who is dissatisfied with the final administrative decision is not entitled, as of right, to an automatic trial *de novo*. The cases are not all in accord, but the great weight of authority supports our view of the law. A trial *de novo* in every case would result in unnecessary duplication of effort as well as undesirable delays.

█ Unlike discrimination complaints in the private employment sector, those by federal employees are followed by an impartial evidentiary hearing and an administrative review thereof by the Civil Service Commission. When the matter is lodged in Court, the complainant has already had a full hearing. On the other hand, private employees are not granted a hearing on their complaints until their claims are asserted in the courts. Hence, in any case in which the finding of an absence of discrimination is supported by a clear preponderance of the evidence in the administrative record, the federal employee is not entitled to a trial de novo.

■ With the foregoing principle in mind, we have examined the administrative record with the utmost care in order to assure ourselves that plaintiff's accusation of discrimination has been disproved by the clear weight of the evidence. Upon such review, we are satisfied that plaintiff has not received discriminatory treatment. She failed to timely provide the necessary medical certification for her absence as required by the sick leave policy of the Postal Service, and even though a belated certificate was presented, it failed to account for a portion of her absence.

There is an entire want of any evidence that any Caucasian employee, male or female, or any black male was treated differently than was plaintiff. We are satisfied that plaintiff was not discriminated against by reason of sex or race. She contended, however, that another black female, with a lighter complexion than plaintiff, received more lenient treatment during an absence due to illness. The record discloses that the lighter skinned black female (Ardena Morrow) had sustained a broken neck in an automobile accident and was incapacitated for a lengthy period.

Although there were two occasions on which Mrs. Morrow was late in providing the required medical certifications (an obvious formality in view of the documentation already on file to substantiate the long-time nature of her condition), the delay being primarily due to her incapacitation and the necessity of obtaining the prompt cooperation of her hospital, she did nevertheless provide in full the certifications immediately after receiving the 30 day advance notice of suspension or removal. In contrast, instead of promptly furnishing the required medical certificate after receipt of her 30 day advance notice, plaintiff contacted the Postal Service Equal Employment Officer, charging discrimination, and was told that she should immediately send in a doctor's statement if the adverse action was to be cancelled. Yet it was not until almost three weeks after the notice was sent that plaintiff submitted a certificate, and then she did so not to her supervisor but instead to the EEO officer. And as noted supra, even that certificate was incomplete, not covering a portion of the period of her absence.

The dissimilarities between plaintiff's case and that of Mrs. Morrow were sufficient to account for the difference in the treatment of the two women, and the clear weight of the evidence demonstrates that the complexions of the employees had no bearing on the allegedly disparate consideration of their cases. We note also that the record clearly shows, without contradiction, that plaintiff's Tour Superintendent (who had sent the letters to both plaintiff and Mrs. Morrow requesting the required medical certificates) was not aware of the fact that either of the two females was black much less that their complexions differed.

Plaintiff had an opportunity to resort to the union grievance procedure if she felt her discharge was too severe a penalty under the circumstances, but she intentionally chose not to avail herself of that procedure. We mention this fact not as having any bearing on the merits of this case or our decision, but by way of emphasizing that the only issue here involved is that of allegedly *discriminatory* treatment based on sex, race or color. On that issue, the administrative finding is fully supported by the preponderance of the evidence.

Accordingly, defendant's motion for summary judgment should be and it is hereby sustained. The Clerk is directed to enter judgment in favor of defendant and against plaintiff.