Willie C. HAIRE, Appellant,

v.

Howard "Bo" CALLOWAY, Secretary,
U. S. Army, Appellee.

Evelyn M. JONES, Appellant,

v.

E. T. KLASSEN, Postmaster General,
United States Postal
Service, Appellee.

Nos. 74–2004, 75–1050.

United States Court of Appeals,
Eighth Circuit.

Submitted June 11, 1975.

Decided Nov. 17, 1975.

Edward L. Welch, Edwardsville, Ill., for appellants.

Jean C. Hamilton, Asst. U. S. Atty., St. Louis, Mo., for appellees.

Before BRIGHT, Circuit Judge, KILKENNY, Senior Circuit Judge,* and WEBSTER, Circuit Judge.

BRIGHT, Circuit Judge.

In No. 74–2004, Willie C. Haire, a federal civil service employee of the United States Army Material Command in St. Louis, claims he did not receive a promotion because he is black. After exhausting his administrative remedies which included a hearing before a federal complaints examiner, an adverse decision by his agency, and an unsuccessful appeal to the Board of Appeals and Review of the Civil Service Commission, Haire brought a civil action in district court against the Secretary of the Army under provisions of the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e–17, amending Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. District Court Judge Meredith denied Haire a trial de novo and granted summary judgment denying him any relief on the basis of the administrative record. He found that the preponderance of evidence demonstrated that Haire was denied promotion for valid reasons and not because of his race. *Haire v. Calloway*, 385 F.Supp. 309 (E.D. Mo.1974). Haire brought this timely appeal.

In No. 75–1050, Evelyn Jones, a former United States postal employee, alleges that she was unlawfully fired from her federal employment and denied certain sick leave benefits because she is a black woman. She, too, unsuccessfully pursued and exhausted her federal ad-

ministrative remedies and then sought relief by bringing an action against the Postmaster General in federal district court under the same provisions of Title VII as did appellant-Haire. District Court Judge John K. Regan entered summary judgment denying Ms. Jones any relief, determining that the record of the administrative hearings disproved by the clear weight of the evidence her accusation of discrimination. *Jones v. Klassen*, 389 F.Supp. 406 (E.D.Mo.1974).

In these consolidated appeals, appellants present the threshold contention that the summary proceedings in district court deprived each of them of a trial de novo to which they were entitled under Title VII of the Civil Rights Act of 1964 as amended.

Section 717(c) of the Equal Employment Opportunity Act of 1972 provides that a federal employee aggrieved by the final administrative disposition of his complaint by his agency or the civil Service Commission "may file a civil action as provided in section 706 [42 U.S.C. § 2000e–5], in which civil action the head of the department, agency * * * as appropriate, shall be the defendant." 42 U.S.C. § 2000e–16(c). Section 717(d) provides that "[t]he provisions of section 706(f) through (k) [42 U.S.C. §§ 2000e–5(f)–(k)], as applicable, shall govern civil actions brought hereunder." 42 U.S.C. § 2000e–16(d). Appellants argue that this language gives federal employees all of the remedies available to nonfederal employees in an action under section 706 including the right to a plenary de novo trial.

The federal courts are deeply divided on whether this language entitles a federal employee to an automatic plenary de novo trial, notwithstanding a prior complete adversary administrative hearing and record. One line of cases follows the seminal opinion of Judge Gesell in *Hackley v. Johnson*, 360 F.Supp. 1247 (D.D.C.1973).[1] There Judge Gesell ruled

---

* JOHN F. KILKENNY, Senior Circuit Judge, Ninth Circuit, sitting by designation.

1. *Reversed sub nom. Hackley v. Roudebush,* 520 F.2d 108 (D.C.Cir. 1975); *See e. g., Chan-*

that the district judge should affirm the administrative decision if it is clearly supported by a preponderance of the evidence in the administrative record. If not, the court is to remand or take additional evidence.

Another line of cases holds that a federal employee is entitled to the same plenary *de novo* trial as is a private employee.[2] These decisions permit the trial court to rule summarily on the merits only where the evidentiary record established in the administrative proceedings is complete and undisputed and the plaintiff has availed himself of the full panoply of discovery procedures.[3]

Because the cases are so sharply divided, we have undertaken an independent study of the Act and its legislative history. No section of the Act directly establishes the standard for judicial interven-tion following full administrative consideration of a federal employee's Title VII claim. In the words of Judge Leventhal, the language and structure of the Act "can be argued either way." *Hackley v. Roudebush, supra,* at 171 (Leventhal, J., concurring).

■ The tortuous legislative history does little to illumine the Congressional intent on the precise issue before us. Several statements by legislators who played an important part in drafting the Act and shepherding it through Congress directly support the conclusion of Judge Gesell that the courts are merely to review the administrative record. Other parts of the history point strongly toward a *de novo* trial. The opinions previously cited fully discuss the pertinent history; another lengthy exegesis here would serve no useful purpose.[4]

---

dler v. Johnson, 515 F.2d 251 (9th Cir. 1975), cert. granted, 423 U.S. 821, 96 S.Ct. 34, 46 L.Ed.2d 37 (1975); *Salone v. United States,* 511 F.2d 902 (10th Cir. 1975), petition for cert. filed, 44 U.S.L.W. 3066 (U.S. June 19, 1975). As these opinions note, this is the majority view of district courts.

2. *Hackley v. Roudebush,* 520 F.2d 108 (D.C. Cir. 1975) (reversing *Hackley v. Johnson, supra*); *Caro v. Shultz,* 521 F.2d 1084 (7th Cir., 1975); *Sperling v. United States,* 515 F.2d 465 (3d Cir. 1975). The many federal district court decisions on this issue are cited in these appellate court opinions.

3. *Hackley v. Roudebush, supra,* at 156–159; *Caro v. Shultz, supra,* at 1089; *Sperling v. United States, supra,* 515 F.2d at 484. However, in a separate concurrence in *Hackley,* Judge Leventhal suggests that the district court may employ "informal steps to avoid what is shown to be unnecessary duplication of the administrative record * * *." *Hackley v. Roudebush, supra,* at 171.

4. However, we do think it advisable to comment on the problem that has arisen with respect to the remarks of Senator Cranston. As the Third Circuit noted, Senator Cranston was
 instrumental in amending § 717 while S. 2515 was in committee, and it was the committee's amendment of § 717 which was the version debated on the floor of the Senate [and eventually adopted]. [*Sperling v. United States, supra,* 515 F.2d at 481 & n. 73.]
 The Congressional Record reported Senator

Cranston's statement that
 [a]s with other cases brought under title VII of the Civil Rights Act of 1964, Federal district court review would be based on the agency and/or CSC record and would not be a trial de novo. [118 Cong.Rec. S2287 (daily ed. Feb. 22, 1972), reprinted in Senate Comm. on Labor and Public Welfare, *Legislative History of the Equal Employment Opportunity Act of 1972,* 92d Cong., 2d Sess. 1744 (Comm.Print 1972).]

Although the Supreme Court later made it clear that Senator Cranston's statement was in error with respect to nonfederal employees, *McDonnell-Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) this was nevertheless a clear and explicit statement by a persuasive authority that § 717 would not require an automatic trial *de novo.* Indeed, it was the only truly explicit statement on point in the entire legislative history. It was consistent with the statements of Senator Williams, one of the bill's original sponsors and its floor manager, that § 717 provides for "review of the agency proceedings," 118 Cong. Rec. 4923 (1972), and was cited by Judge Gesell in *Hackley v. Johnson, supra,* 360 F.Supp. at 1252 & n. 7.

Almost a year after the debate and ten months after the Act was enacted, Senator Cranston announced that "the word 'not' was misplaced" and that "when set forth * * * in the correct manner" his statement would read
 review would not be based on the agency and/or CSC record and would be a trial de

However, two conclusions are inescapable. First, Congress intended that the remedy extended to federal employees be fully equivalent to that afforded private employees. Second, Congress mandated the prompt disposition of these cases.

 We think that equivalency of remedy between private and federal employees requires something more than merely determining whether the agency decision can be supported from the administrative record. It is clear that the 1972 amendments were adopted precisely because administrative action had proved unsatisfactory in resolving complaints of unlawful employment practices. The essence of the plenary trial afforded a private employee is the right to an independent judicial determination of his claim. Full equivalency requires that federal employees be afforded this same independent judicial determination.

However, full equivalency does not require an identical plenary trial *de novo* with full procedural accoutrements. Congress has mandated that Title VII cases be speedily and efficiently decided. 42 U.S.C. § 2000e–5(f)(4) & (5). A prompt judicial determination benefits the agency as well as the employee. Where the federal employee elects to proceed administratively through Civil Service channels, good faith requires the employee to make a complete showing of the evidence supporting his claim.[5] Once such a complete record has been compiled, it would be duplicitous and wasteful to require the district court to re-open the record absent a showing of need.

Accordingly, while we generally agree with the District of Columbia, Third, and Seventh Circuits that a federal employee is entitled to a judicial determination of the merits of his claim, we think district courts possess the power to make that decision summarily upon an administrative record that is fairly made and that completely discloses the relevant facts upon which the plaintiff relies.

As a corollary, the district court, on a showing of need, should exercise its discretion to re-open the record and hear additional evidence or permit the plaintiff to proceed to develop additional relevant evidence through discovery procedures. This discretion should be liberally exercised in order to assure that the federal employee-plaintiff is given a full and fair opportunity to develop all the facts bearing upon his claim.

However, where there is no sound basis for reopening the record, the district court, without more, may proceed to a decision on the merits.[6]

We recognize that the Federal Rules of Civil Procedure do not expressly sanction this procedure. Rule 56 applies only

---

novo. [119 Cong.Rec. S1219 (daily ed. Jan. 23, 1973).]

We agree with the Third Circuit that this *post hoc* legislative history is entitled to little weight. *Sperling v. United States, supra,* 515 F.2d at 480–81 n. 72; *see Hackley v. Roudebush, supra,* at 146–148. While Senator Cranston has clarified his personal intent, we cannot ignore the fact that during the two months following the initial statement while the Act went through Conference Committee and was finally approved, the official journal of Congress contained his explicit and authoritative interpretation rejecting any automatic requirement of a *de novo* trial. In considering the intent of Congress, we cannot rule out the possibility, if not the probability, that Senator Cranston's remarks as initially reported, especially when read with the comments of Senator Williams, were relied upon by many congressmen.

5. *See Chandler v. Johnson, supra,* 515 F.2d at 225; *Thompson v. United States Dept. of Justice,* 372 F.Supp. 762, 764 (N.D.Cal.1974).

6. This corresponds in many ways to the procedure followed in *Johnson v. United States Postal Service,* 364 F.Supp. 37, 41 (N.D.Fla. 1973). There the district court rejected the plaintiff's claim to a *de novo* trial but permitted the parties to supplement the administrative record and then made an independent determination that no relief was warranted. Although the Fifth Circuit did not specifically discuss this procedure, it affirmed, finding that "the record adequately supports the District Court's decision * * *." 497 F.2d 128 (5th Cir. 1974) (per curiam).

where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c).[7] However, Rule 56 is not the only source of district court authority.

Rule 16 permits the trial court to call a pre-trial conference to consider methods of expediting a trial. In matters relating to discovery, Rule 26 permits the court to "make any order which justice requires to protect a party or person from annoyance * * * or undue burden or expense * * *." Rule 26(c). Rule 102 of the Federal Rules of Evidence requires the court to regulate the admission of evidence "to secure fairness in administration, elimination of unjustifiable expense and delay, [and to promote] growth and development of the law of evidence * * *." Finally, Rule 403 permits the court to exclude relevant evidence because of "considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

These general rules must be applied in light of the Congressional intent that complaints of federal employment discrimination be decided promptly. The Act requires that when a complaint is filed, a trial judge must be designated to hear the case immediately; if no judge of the district is available, a district or circuit judge of the circuit must be designated to hear and determine the case. 42 U.S.C. § 2000e–5(f)(4). Once a trial judge is appointed, he is under an express Congressional mandate "to cause the case to be in every way expedited."[8]

We believe the rules discussed above, when read with the Congressional mandate requiring prompt disposition, provide adequate authority for the carefully limited summary procedure approved by this opinion.

On the merits the court should apply the same standards of proof that have been established in private discrimination suits. *Hackley v. Roudebush, supra,* at 157. Using these standards, the court must independently determine whether the plaintiff has established a prima facie case of discrimination, and if so, whether the employer has negated discrimination by a preponderance of the evidence.[9]

## A.

With this standard in mind, we turn to the cases at hand. In *Haire v. Calloway,* although Judge Meredith issued his decision in response to the motion for summary judgment, we think it apparent in reading the opinion that he carefully reviewed the record and independently found "no evidence in the record to indicate that this selection [of a white employee for a vacancy] was made on the basis of race."[10]

---

7. We have previously noted that the District of Columbia, Third, and Seventh Circuits require strict adherence to Rule 56. *See* note 3 *supra.* In *Sperling,* the Third Circuit said that

in the *de novo* proceedings in the district court, the agency record can be reviewed on a motion for summary judgment by the standard generally applicable under Rule 56, Fed.R.Civ.P.; that is the existence of any genuine issue of fact as to employment discrimination. [*Sperling v. United States, supra,* 515 F.2d at 484.]

8. The quoted language is from 42 U.S.C. § 2000e–5(f)(5). This section reads in full as follows:

It shall be the duty of the judge designated pursuant to this subsection to assign the case for hearing at the earliest practicable date and to cause the case to be in every way expedited. If such judge has not scheduled the case for trial within one hundred and twenty days after issue has been joined, that judge may appoint a master pursuant to rule 53 of the Federal Rules of Civil Procedure.

The provisions of this section are incorporated "as applicable" into 42 U.S.C. § 2000e–16(d) governing actions by federal employees under Title VII.

9. This discussion is limited to actions by individual plaintiffs. Neither plaintiff in the present actions sought to bring a class action.

10. The district court opinion included the following ruling:

This finding of the district court is not clearly erroneous and must be sustained unless the plaintiff can show that the procedure followed by the district court prejudiced him by foreclosing his opportunity to present additional evidence to supplement the record.

Haire argues that the EEO counsellor, Ray Collins, was not permitted to testify, that an important witness was ill and not available at the agency's hearing, and that an important conflict in the testimony was left unresolved in the administrative hearing. In light of these contentions, the case must be remanded. The district court should determine whether appellant Haire has demonstrated a need to supplement the record; if so, the district court must afford him the opportunity to present additional evidence. If the record is reopened, the trial court should make its determination anew on the entire record.

## B.

■ Similarly, in *Jones v. Klassen,* Judge Regan reviewed the administrative record. In addition to finding support for the decision of the Civil Service Board by a "clear weight of the evidence," the court said:

> The Court has examined the entire administrative record in this case and can find no reason to disagree with the findings of the hearing examiner and conclusions of the review board of the Civil Service Commission. The only issue brought before the Court is that plaintiff was discriminated against by being selected for the WG–4 position while a white employee was selected for the WG–5 position. The record indicates that a duly constituted qualifications and rating panel rated both employees in the "Best Qualified" category and then a selection panel recommended the white employee because of his more extensive supervisory experience, his self-development attempts, and awards. Each panel had a black member sitting on it. The selecting official made his selection based upon the recommendation of the panel.
>
> There is no evidence in the record to indicate that this selection was made on the basis of race. Accordingly, the *administrative decision of no discrimination is supported by a preponderance of the evidence,* and defendant's motion for summary judgment shall be granted. [*Haire v. Calloway,* 385 F.Supp. 309, 311 (1974) (emphasis supplied).]

There is an entire want of any evidence that any Caucasian employee, male or female, or any black male was treated differently than was plaintiff. We are satisfied that plaintiff was not discriminated against by reason of sex or race. She contended, however, that another black female, with a lighter complexion than plaintiff, received more lenient treatment during an absence due to illness. The record discloses that the lighter skinned black female (Ardena Morrow) had sustained a broken neck in an automobile accident and was incapacitated for a lengthy period. [*Id.* at 408.]

This discussion indicates that the trial court exercised its independent judgment on the facts. The finding of no discrimination is not clearly erroneous. The record in the *Jones* case appears complete. Appellant makes no contention that such record could be amplified in any significant respect. Under these circumstances, we affirm the judgment of the district court.

Accordingly, No. 74–2004 is remanded to the district court for further proceedings consistent with this opinion, and No. 75–1050 stands affirmed.

In light of our holding on the important trial *de novo* issue, we award costs on appeal to appellants.