**Willie C. HAIRE, Appellant,**

v.

**Howard "Bo" CALLOWAY, Secretary, United States Army, Appellee.**

**No. 77–1704.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 14, 1978.

Decided March 16, 1978.

Edward L. Welch, Edwardsville, Ill., for appellant.

Robert C. Kingsland, U. S. Atty., and Jean C. Hamilton (argued), Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before LAY and HENLEY, Circuit Judges, and HANSON,* Senior District Judge.

LAY, Circuit Judge.

Willie C. Haire brought this action under the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16, amending Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, alleging that he was denied an employment promotion because he is black.[1] After a de novo hearing, based on testimony adduced at the hearing and portions of the administrative record entered into evidence, the district court concluded that the plaintiff failed to establish a prima facie case of discrimination and that "the evidence conclusively shows that plaintiff's failure to be promoted to WG–05 was not the result of any discrimination against the plaintiff because of his race." *Haire v. Calloway,* 434 F.Supp. 1140, 1141 (E.D.Mo. 1977). Haire has appealed. Although we disagree with the district court's finding that the plaintiff failed to establish a prima facie case of discrimination, we find that the court's ultimate conclusion that Haire was not entitled to relief under Title VII is supported by findings of fact which are not clearly erroneous. We therefore affirm.

The plaintiff is employed by the Department of the Army as a warehouseman, grade WG–04, at the Automatic Logistics Management Systems Agency (ALMSA), Army Material Command, St. Louis, Missouri. The position occupied by plaintiff was created in 1971 along with the position of warehouseman, grade WG–05. At the time the positions were established, Haire and Ellis Gossett, a Caucasian employee at ALMSA, applied for the WG–05 position along with other individuals. Applicants

---

* William C. Hanson, Senior District Judge, Southern District of Iowa, sitting by designation.

1. In its initial consideration of the plaintiff's claim, the district court refused to grant a de novo hearing and rendered summary judgment in favor of the employer on the basis of the administrative record. *Haire v. Calloway,* 385 F.Supp. 309 (E.D.Mo.1974). Haire appealed

and we remanded the case for reconsideration in light of *Chandler v. Roudebush,* 425 U.S. 840, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976), where the Supreme Court held that federal employees were entitled to a de novo hearing in the district court in suits brought under Title VII. *Haire v. Calloway,* 537 F.2d 318 (8th Cir. 1976).

were screened by a qualifications and rating panel and a panel to recommend selection, both of which were composed of two white members and one black member. The qualifications and rating panel ranked Haire and Gossett as two of the best qualified applicants for the WG–05 position. The panel to recommend selection unanimously recommended Gossett for the WG–05 position and Haire for one of the two WG–04 positions then available. The district court found that the basis for this panel's selection was Gossett's "high test score and more extensive supervisory experience and background as compared with the other candidates." The final selection of Gossett for the WG–05 position and Haire for the WG–04 position was made by Ralph Arnold, Director of Administration of ALMSA.

Plaintiff introduced evidence that prior to the time the panels met to consider applicants for the WG–04 and WG–05 positions Mr. Arnold had posted a personnel chart in his office listing Gossett's name in the space corresponding to the WG–05 position and Haire's name in a space corresponding to one of the WG–04 positions. Plaintiff contends that this evidence establishes pre-selection of Gossett by Arnold which affected the decision-making process of both panels and was based on discriminatory motivation. Plaintiff also introduced testimony that Arnold had a reputation for being prejudiced towards blacks.

We feel that plaintiff's evidence was sufficient to establish the necessary elements for a prima facie case of discrimination in the employment promotion context. Those elements are:

> [A] prima facie case of failure to promote because of racial discrimination is made by showing: (i) that plaintiff belongs to a racial minority, (ii) that he was qualified for promotion and might have reasonably expected selection for promotion under the defendant's on-going competitive promotion system, (iii) that he was not promoted, and (iv) the supervisory level employees having responsibility to exercise judgment under the promotion system

betrayed in other matters a predisposition towards discrimination against members of the involved minority.

*Pettit v. United States,* 488 F.2d 1026, 1033, 203 Ct.Cl. 207 (1973).

*See also McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

Plaintiff's introduction of evidence to establish a prima facie case does not automatically entitle him to relief under Title VII, however. The effect of establishing a prima facie case is to shift the burden to the employer "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." *McDonnell Douglas Corp. v. Green, supra* at 802, 93 S.Ct. at 1824.

The district court found that the selection of Gossett for the WG–05 position was not the result of racial discrimination. This conclusion is supported by the court's specific findings of fact regarding the selection process, and we are unable to conclude that those findings are clearly erroneous. The district court's judgment in favor of the defendant is therefore affirmed. *See Thompson v. McDonnell Douglas Corp.,* 552 F.2d 220, 221 (8th Cir. 1977).

Affirmed.