106 Cal.Rptr.2d 806 (2001)
88 Cal.App.4th 1344
Patricia CLAYTON-BRAME, Plaintiff and Respondent,
v.
LOS ANGELES COUNTY DEPARTMENT OF HEALTH SERVICES, Defendant and Appellant.
No. B136679.
Court of Appeal, Second District, Division Five.
May 10, 2001.
Rehearing Denied May 29, 2001.
Review Granted August 8, 2001.
*807 Lloyd W. Pellman, County Counsel, Monica M. Mauricette, Deputy County Counsel, for Defendant and Appellant.
Van Bourg, Weinberg, Roger & Rosenfeld, Anne I. Yen, James Rutkowski, and James G. Varga, Los Angeles, for Plaintiff and Respondent.
TURNER, P.J.

I. INTRODUCTION
This appeal is from a judgment granting a writ petition in favor of plaintiff Patricia Clayton-Brame. The Los Angeles County Department of Health Services (department) is plaintiffs employer. The administrative hearing officer had ruled in the department's favor. The trial court found for plaintiff. On appeal, the department contends the trial court's finding plaintiff was passed over for a promotion because of her union activity was not supported by substantial evidence. We conclude there was no substantial evidence plaintiff had a reasonable expectation of selection for promotion under the department's ongoing competitive promotion system. Accordingly, we reverse the judgment.

II. BACKGROUND
Plaintiff is an African-American woman who, at the time of the administrative hearing, was 45 years old. She had worked for the department for 16 years, beginning in January 1980. She had held her current classification, accountant II, since August 1983. She had never been rated higher or lower than "competent" in any of her performance evaluations. It was undisputed that beginning in October 1980 and continuing throughout her tenure with the department plaintiff had been an active union shop steward.
Appointments to positions within the department were made from eligible lists. The eligible lists were compiled based on the results of promotional examinations. Candidates were assembled into five ranked groups based on their examination scores with group 1 being the highest. (Civil Service Rule 11.01A-C.)[1] Under Civil Service Rule 11.01E, appointments *808 were required to be made from the highest ranking group. Civil Service Rule 11.01E provides in relevant part: "All appointments to positions in the classified service shall be made from the highest ranking group on such [eligible] lists, except that when the highest ranking group does not include at least five persons who are available for appointment, the appointment may be made from the next highest group or groups to include at least five persons." However, the Civil Service Rules also provide for "selective certification." Civil Service Rule 11.03A states: "Where a single list has been established without regard to some particular job-related criterion not tested in the examination and the appointing power requests certification for a position, the duties of which justify the particular criterion, and states the facts and reasons for such request, the director of personnel may certify those persons in groups other than the highest meeting that criterion." There was also evidence employees considered for a promotion could be limited, under Civil Service Rule 7.06, to those in a particular unit of the department. Civil Service Rule 7.06A states in part: "It is county policy that vacancies will generally be filled from within.... Promotional examinations may be interde-partmental (county-wide) or departmental (limited to the employees of a department) and may be further limited to employees of a particular organizational unit."
In the spring of 1996, plaintiff took a promotional examination for an accountant III position. Plaintiff placed in group 3 on the eligible list. There were 10 people in group 1, 7 people in group 2, and 5 people, including plaintiff, in group 3. In November 1996, Richard Lugo was appointed to the open position. Mr. Lugo had placed in group 4 on the eligible list. The department's witnesses offered conflicting explanations as to the manner in which the position was filled. The decision-making supervisor asserted a selective certification process was used; to wit, a search for a person with special computer skills. Another defense witness, a personnel officer, denied there had been a selective certification; she claimed a department certification was employed; i.e., only persons working in the department's Alcohol and Drug Program were considered.
Plaintiff filed a complaint with the Civil Service Commission alleging a violation of Civil Service Rule 25. Civil Service Rule 25.01A states in relevant part: "No person in the classified service or seeking admission thereto shall be appointed, reduced or removed, or in any way favored or discrimination against in employment or opportunity for employment because of race, ... sex, ... age, ... organizational membership or affiliation, or other non-merit factors, any of which are not substantially related to successful performance of the duties of the position." Plaintiff claimed she had been discriminated against because of her race, age, and union activity. The hearing officer found in part: "At the time of [Mr.] Lugo's appointment, there were approximately fourteen people in Bands 1 and 2 on the Certified List and it is doubtful that [plaintiff], who was in Band 3, could even have been reached for promotional consideration, absent some form of Selective Certification." The hearing officer concluded even "assuming" plaintiff had made out a prima facie case, the department had articulated a legitimate business reason for Mr. Lugo's promotion (his computer skills), and plaintiff had not shown that assertion to be pretextual. The Civil Service Commission adopted the hearing officer's findings and recommendation.
Plaintiff filed a petition for a writ of administrative mandate in the trial court. The trial court concluded: "[Plaintiff] was not promoted because of her union membership/activities *809 and that [Mr.] Lugo's [computer] programming skills were a pretext for promoting him." The trial court entered a judgment granting plaintiff's writ petition and ordered: "[Plaintiff is to] be promoted to the position of Accountant III, retroactive to October 24, 1996, and further, that [plaintiff] is to be paid the differential back pay from that date to the date of compliance, including all benefits and seniority incidental thereto." The department filed a timely notice of appeal.

III. DISCUSSION

A. Standard of Review
The standard of review on appeal from a judgment on a petition for a writ of administrative mandate is well-settled. This is a case in which the trial court exercised its independent judgment. As the Supreme Court has explained, "In exercising its independent judgment, a trial court must afford a strong presumption of correctness concerning the administrative findings, and the party challenging the administrative decision bears the burden of convincing the court that the administrative findings are contrary to the weight of the evidence." (Fukuda v. City of Angels (1999) 20 Cal.4th 805, 817, 85 Cal. Rptr.2d 696, 977 P.2d 693; Bixby v. Pierno (1971) 4 Cal.3d 130, 139, 93 Cal.Rptr. 234, 481 P.2d 242; Drummey v. State Bd. of Funeral Directors (1939) 13 Cal.2d 75, 85, 87 P.2d 848.) However, the Supreme Court has held: "Even when, as here, the trial court is required to review an administrative decision under the independent judgment standard of review, the standard of review on appeal of the trial court's determination is the substantial evidence test. [Citations.]" (Fukuda v. City of Angels, supra, 20 Cal.4th at p. 824, 85 Cal. Rptr.2d 696, 977 P.2d 693; Yakov v. Board of Medical Examiners (1968) 68 Cal.2d 67, 71-73, 64 Cal.Rptr. 785, 435 P.2d 553.)

B. Reasonable Expectation of Promotion
Plaintiff alleged she was passed over for a promotion because of her union activity in violation of Civil Service Rule 25. As noted above, that rule prohibits discrimination against an employee because of organizational membership or affiliation. Discrimination against employees for union activity is also contrary to both federal and state law. (E.g., National Labor Relations Act, 29 U.S.C. § 158(a)(3) (NLRA); Gov.Code, §§ 3502, 3506; Sure-Tan, Inc. v. N.L.R.B. (1984) 467 U.S. 883, 894, 104 S.Ct. 2803, 81 L.Ed.2d 732; N.L.R.B. v. Transportation Management Corp. (1983) 462 U.S. 393, 394, 397-398, 103 S.Ct. 2469, 76 L.Ed.2d 667, disapproved on another point in Director, Office of Workers' Compensation Programs v. Greenwich Collieries (1994) 512 U.S. 267, 276-278, 114 S.Ct. 2251, 129 L.Ed.2d 221; Santa Clara County Counsel Attys. Assn. v. Woodside (1994) 7 Cal.4th 525, 555-556, 28 Cal.Rptr.2d 617, 869 P.2d 1142.) In California, the Meyers-Milias-Brown Act (Gov.Code, § 3500 et seq.) prohibits a public employer from discriminating against a public employee for exercising his or her right to join a union or to participate in worker activities. (Gov.Code, §§ 3502, 3506; Santa Clara County Counsel Attys. Assn. v. Woodside, supra, 7 Cal.4th at pp. 555-556, 28 Cal.Rptr.2d 617, 869 P.2d 1142.)[2] The Meyers-Milias-Brown Act *810 parallels the NLRA. (City of El Cajon v. El Cajon Police Officers' Assn. (1996) 49 Cal.App.4th 64, 72, fn. 3, 56 Cal.Rptr.2d 723; Public Employees Assn. v. Board of Supervisors (1985) 167 Cal.App.3d 797, 806-807, 213 Cal.Rptr. 491.) The NLRA prohibits discrimination in employment "to encourage or discourage membership in any labor organization]" (29 U.S.C. § 158(a)(3).)
Because of the similarity between state and federal employment discrimination laws, California courts may look to federal precedent in determining employment discrimination claims. (E.g., Guz v. Bechtel National, Inc. (2000) 24 Cal.4th 317, 354, 100 Cal.Rptr.2d 352, 8 P.3d 1089; Reno v. Baird (1998) 18 Cal.4th 640, 647 648, 76 Cal.Rptr.2d 499, 957 P.2d 1333; Marks v. Loral Corp. (1997) 57 Cal. App.4th 30, 51-52, 68 Cal.Rptr.2d 1; Soldinger v. Northwest Airlines, Inc. (1996) 51 Cal.App.4th 345, 367, fn. 9, 58 Cal. Rptr.2d 747; Janken v. GM Hughes Electronics (1996) 46 Cal.App.4th 55, 66, 53 Cal.Rptr.2d 741; Mogilefsky v. Superior Court (1993) 20 Cal.App.4th 1409, 1416, fn. 5, 26 Cal.Rptr.2d 116; Clark v. Claremont University Center (1992) 6 Cal.App.4th 639, 662, 8 Cal.Rptr.2d 151.) Indeed, the Courts of Appeal have expressly held that we may look to federal decisional authority in interpreting the Meyers-Milias-Brown Act. (City of El Cajon v. El Cajon Police Officers' Assn., supra, 49 Cal.App.4th at p. 72, fn. 3, 56 Cal.Rptr.2d 723; Public Employees Assn. v. Board of Supervisors, supra, 167 Cal.App.3d at pp. 806-807, 213 Cal.Rptr. 491.) Plaintiff has expressly acknowledged that her claim is analogous to one brought under the Meyers-Milias-Brown Act. She analyzes her burden of proof by analogy to federal law. Consistent with the practice of our courts and with plaintiffs position, we have considered the prima facie elements of a claim for discriminatory failure to promote under federal law.
The federal courts have held that a prima facie case of unlawfully discriminatory failure to promote is made by showing, inter alia, a reasonable expectation of promotion. "We ... hold that a prima facie case of failure to promote ... is made by showing ... that [the employee] was qualified for promotion and might have reasonably expected selection for promotion under the defendant's on-going competitive promotion system." (Pettit v. United States (1973) 203 Ct.Cl. 207, 488 F.2d 1026, 1033, disapproved on another point in United States v. Testan (1976) 424 U.S. 392, 405, 96 S.Ct. 948, 47 L.Ed.2d 114 [race discrimination]; Haire v. Calloway (8th Cir.1978) 572 F.2d 632, 634 [race discrimination]; McCormick v. District of Columbia (D.D.C.1982) 554 F.Supp. 640, 644-645, fns. 14, 15 [race and sex discrimination]; Roberts v. Bailar (E.D.Tenn.1980) 538 F.Supp. 424, 428 [sex discrimination]; Winfrey v. Metropolitan Utilities Dist. (D.Neb.1979) 467 F.Supp. 56, 59-60 [race discrimination]; Lee v. Bolger (S.D.N.Y. 1978) 454 F.Supp. 226, 230 [race and sex discrimination]; Thompson v. McDonnell Douglas Corp. (E.D.Mo.1976) 416 F.Supp. 972, 980, affd. (8th Cir.1977) 552 F.2d 220, 222-223 [race discrimination]; see Hagans v. Andrus (9th Cir.1981) 651 F.2d 622, 625-626 [sex discrimination].) Stated differently, the test is as follows: "To establish a prima facie case of illegal denial of promotion ..., the plaintiff must show ... that she [or he] applied for and was denied *811 a promotion for which she [or he] was technically eligible and of which she [or he] had a reasonable expectation." (Bundy v. Jackson (D.C.Cir.1981) 641 F.2d 934, 953.) The California courts have not expressly adopted the above-stated element of a prima facie case of discriminatory failure to promote under federal law. However, one California decision reflects that requirement. In Fair Employment Practice Com. v. State Personnel Bd. (1981) 117 Cal.App.3d 322, 333-334, 172 Cal.Rptr. 739, Division One of the Court of Appeal for this appellate district affirmed a judgment in favor of an employee who alleged a discriminatory failure to promote. The court found substantial evidence the employee had ranked first on the promotion list "and, accordingly, could reasonably expect promotion...." (Ibid.)
We agree with the administrative hearing officer's finding it was "doubtful" plaintiff "could even have been reached for promotional consideration...." We conclude, moreover, that there was no substantial evidence plaintiff might have reasonably expected selection for promotion to accountant III under the department's on-going competitive promotion system. In the 16 years plaintiff had worked for the department, she had never been rated higher or lower than "competent" in any of her performance evaluations. In the spring of 1996, plaintiff, an accountant II, took a promotional examination for an accountant III position. Plaintiff placed in group 3 on the eligible list. There were 10 people in group 1, 7 people in group 2, and 5 people, including plaintiff, in group 3. As discussed above, under applicable civil service rules, the accountant III position had to be filled from the highest ranking group on the eligible list containing five or more persons available for appointment. In other words, each of the 17 individuals who ranked in groups 1 and 2 were eligible for promotion ahead of plaintiff. (Civil Service Rule 11.01E.) Plaintiff offered no evidence that when the accountant III position was filled, any one or more of the 17 people in groups 1 and 2 were unavailable for appointment.[3]
Plaintiffs claim she was passed over for promotion stems from the fact that the employee appointed to the accountant III position, Mr. Lugo, had placed in group 4 on the eligible list. Defense witnesses testified Mr. Lugo was appointed pursuant to alternative appointment procedures. Plaintiff does not specifically contend she had a reasonable expectation of promotion under those alternative procedures. Further, even if those alternative appointment procedures were applied to plaintiff, there was no substantial evidence she might have reasonably expected selection for promotion. One defense witness asserted a selective certification process was used, i.e., a search for a person with a special skill not tested in the promotional examination. There was no evidence plaintiff possessed the special skill in question. Another defense witness claimed a department certification was employed, i.e., only persons working in the department's Alcohol and Drug Program were considered. There was no evidence plaintiff was employed in the Alcohol and Drug Program at the time of the appointment.
We conclude there was insufficient evidence to support a finding plaintiff had a reasonable expectation of being promoted to accountant III. Accordingly, we reverse the judgment.

*812 IV. DISPOSITION
The judgment is reversed. The Los Angeles County Department of Health Services is to recover its costs on appeal from plaintiff, Patricia Clayton-Brame.
GRIGNON, J., and ARMSTRONG, J., concur.
NOTES
[1] All references to a Civil Service Rule are to the Los Angeles County Code, Title 5-Personnel, Appendix 1: Civil Services Rules (http://ordlink.com/codes/lacounty/ [as of April 30, 2001]). Civil Service Rule 11.01 states: "Certification and appointment from eligible list. A. In filing vacancies from an eligible list, the appointing authority shall make appointment from eligible lists certified by the director of personnel. [¶] B. The director of personnel shall assemble candidates into groups based on their weighted total score in the examination[.] [F]or the purpose of grouping, scores shall be rounded to the nearest whole number. In the case of open competitive examinations, veteran's credit shall be added before assembling the candidates into groups. [¶] C. Ordinarily, passing candidates shall be assembled into separate groups having fixed ranges as follows: [¶] Group 1 95%-100% [¶] Group 2 89%-94% [¶] Group 3 83%-88% [¶] Group 4 77%-82% [¶] Group 5 70%-76%."
[2] Government Code section 3502 states: "Except as otherwise provided by the Legislature, public employees shall have the right to form, join, and participate in the activities of employee organizations of their own choosing for the purpose of representation on all matters of employer-employee relations. Public employees also shall have the right to refuse to join or participate in the activities of employee organizations and shall have the right to represent themselves individually in their employment relations with the public agency." Government Code section 3506 provides: "Public agencies and employee organizations shall not interfere with, intimidate, restrain, coerce or discriminate against public employees because of their exercise of their rights under Section 3502."
[3] Plaintiff cites evidence showing an employee ranked in group 1 of the eligible list was promoted to accountant III at the same time Mr. Lugo was promoted. Plaintiff also cites evidence that in the six months following Mr. Lugo's promotion, five additional employees ranked in groups 1, 2, 4 and 5 of the eligible list were promoted to accountant III.