59 F.3d 176
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Raymond SIMPSON, Plaintiff-Appellant,
v.
LEAR ASTRONICS CORPORATION; CT Corporation System; J. Rixon;
Christopher Reid; et al., Defendants-Appellees.
 No. 93-55135.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 16, 1994.
Decided June 23, 1995.
 
 Before: FEINBERG,* SCHROEDER, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 This case arises out of plaintiff-appellant Raymond Simpson's employment by Lear Astronics Corporation, defendant-appellee. He appeals pro se the district court's summary judgment in favor of Lear, and further argues the district court erred in its earlier dismissal of a number of his claims. His action alleged racial discrimination and retaliation for whistleblower activities. The complaint alleged claims under 42 U.S.C. Sec. 1981; Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000e-1, et seq.; the California Fair Employment and Housing Act (FEHA), Cal. Gov't Code Secs. 12940, 12948; the False Claims Act, 31 U.S.C. Sec. 3730(h); and Cal. Lab. Code Sec. 1102.5. We affirm in part and reverse in part.
 
 
 3
 The district court dismissed a number of his Title VII claims as barred by the 180-day statute of limitations contained in 42 U.S.C. Sec. 2000e-5(e). This decision was, pursuant to our law, erroneous. See Bouman v. Block, 940 F.2d 1211 (9th Cir.), cert. denied, 112 S. Ct. 640 (1991). We may affirm a dismissal, however, on any ground supported by the record. See United States v. Washington, 969 F.2d 752, 755 (9th Cir. 1992), cert. denied, 113 S. Ct. 1945 (1993). We have reviewed the record, and concluded that Simpson came forth with insufficient evidence to state a claim as regards any Title VII claims involving incidents that occurred prior to January 29, 1991.
 
 
 4
 Simpson also alleged a violation of Title VII arising out of the failure to promote him. This claim, however, was properly dismissed because Simpson never exhausted the appropriate administrative remedies. See 42 U.S.C. Sec. 2000e-5(f)(1).
 
 
 5
 Simpson also alleged that various Sec. 1981 claims were improperly dismissed by the trial court. Some of these claims were properly dismissed because they were not brought within the appropriate statute of limitations. See O'Shea v. City of San Francisco, 966 F.2d 503 (9th Cir. 1992). Dismissal of any timely Sec. 1981 claims was appropriate because Simpson did not produce evidence of intentional discrimination related to these claims.
 
 
 6
 The district court appropriately dismissed his claim of retaliation related to whistleblower activity. Because this State claim alleged only internal disclosure to management, it was not cognizable under the statute. See Cal. Lab. Code Sec. 1102.5.
 
 
 7
 The district court appropriately granted summary judgment on Simpson's state claim of infliction of emotional distress, a claim within the exclusive jurisdiction of California's Worker's Compensation System. See Cole v. Fair Oaks Fire Protection Dist., 729 P.2d 743 (Cal. 1987). Finally, summary judgment was also appropriate as to his breach of contract claim. California presumes employment is at will, Foley v. Interactive Data Corp., 765 P.2d 373 (Cal. 1988), and Simpson did not adduce sufficient evidence to raise a genuine issue of material fact as to the existence of any other type of employment contract.
 
 
 8
 We reverse, however, the district court's grant of summary judgment in favor of Lear as to Simpson's Title VII claims relating to his reassignment to the Purchasing Department and the denial of his transfer request.
 
 
 9
 Simpson is asserting a disparate treatment claim. Sischo-Nownejad v. Merced Community College Dist., 934 F.2d 1104 (9th Cir. 1991), is instructive. In order to show a prima facie case of discrimination, a plaintiff must offer evidence giving rise to an "inference" of unlawful discrimination. See id. at 1110. The evidence may be either direct or circumstantial, and the amount that must be produced in order to create a prima facie case is "very little." See id. at 1110-11. Normally, when such evidence has been introduced, a court should not grant summary judgment to the defendant on any ground relating to the merits. See id. at 1111. Even if the defendant articulates a legitimate, nondiscriminatory reason for the challenged employment decision, thus shifting the burden to the plaintiff to prove that the articulated reason is pretextual, summary judgment is normally inappropriate. See id. The Sischo-Nownejad panel explained:
 
 
 10
 Title VII ... [does] not suggest that different standards exist for proving discrimination in hiring versus proving discrimination on a job. Moreover, our precedents indicate the importance of allowing the factfinder to consider the existence of discrimination.... We require very little evidence to survive summary judgment precisely because the ultimate question is one that can only be resolved through a "searching inquiry" -- one that is most appropriately conducted by the factfinder, upon a full record.
 
 
 11
 Id. (Emphasis added).
 
 
 12
 Title VII is "a remedial statute to be liberally construed in favor of the victims of discrimination." See Mahroom v. Hook, 563 F.2d 1369, 1375 (9th Cir. 1977), cert. denied, 436 U.S. 904 (1978). Where, as here, a lay person brings a Title VII action pro se, a liberal construction of the statute's technical requirements is appropriate. See Rice v. Hamilton Air Force Base Commissary, 720 F.2d 1082, 1084 (9th Cir. 1983).
 
 
 13
 Here, Simpson produced an affidavit of a former employee attesting that Simpson's supervisor had said he was going to fire two employees because they were black. The record indicates that one employee was terminated shortly thereafter, and the other either quit or was terminated. The declaration is admissible under Hoptowit v. Ray, 682 F.2d 1237, 1262 (9th Cir. 1982). This evidence gives rise to an "inference" of discrimination, and meets the "very little" quantum.
 
 
 14
 The dismissal of Simpson's FEHA claim was also inappropriate. Lear claims dismissal was appropriate because Simpson did not exhaust administrative remedies. The record shows, however, that the EEOC filed the complaint for California's Department of Fair Employment and Housing (DFEH) pursuant to EEOC regulations. The DFEH served the complaint on Lear and issued a right-to-sue notice on July 30, 1991.
 
 
 15
 AFFIRMED IN PART and REVERSED IN PART.
 
 
 
 *
 Honorable Wilfred Feinberg, Senior United States Circuit Judge for the Second Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3